UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
MICHAEL O'BRIEN,

        *Plaintiff*,

    -against-

SPECIAL AGENT VINCENT MARINO,

        *Defendant*.
----------------------------------x

**Not for Publication**

**MEMORANDUM AND ORDER**

17-CV-5324(KAM)

**MATSUMOTO, United States District Judge:**

    *Pro se* plaintiff Michael O'Brien ("plaintiff") commenced this action by filing a complaint (the "Initial Complaint," ECF No. 1) against "Homeland Security Investigations," an agency under the jurisdiction of the Department of Homeland Security, and Special Agent Vincent Marino ("SA Marino") on September 1, 2017. (*See generally* Initial Complaint.) By Memorandum and Order dated April 12, 2018 (the "April Order," ECF No. 9), the court granted plaintiff's request to proceed *in forma pauperis*, dismissed the Initial Complaint, and granted leave to amend the complaint and to show cause why the claims against SA Marino should not be dismissed as time-barred by the statute of limitations. (*See* April Order at 13-14.)

    Plaintiff subsequently submitted a letter dated May 3, 2018 ("Pl. Letter" or "plaintiff's letter," ECF No. 11), seeking to amend the complaint and asserting ostensible grounds for

equitable tolling of the statute of limitations. For the reasons set forth below, plaintiff's letter fails to cure the deficiencies of the original complaint, and the action is hereby dismissed.

**BACKGROUND**

The Initial Complaint alleged that, after plaintiff was arrested on October 10, 2013, he informed SA Marino of an unspecified "condition requiring medical treatment and stated [plaintiff] 'may die.'" (Initial Complaint at 4.) According to the Initial Complaint, SA Marino failed to seek medical assistance for the plaintiff for an unspecified period of time and instead "supplied [plaintiff] with a non-prescribed valium." (*Id.*) Thereafter, plaintiff was taken to the Riverhead Courthouse in Suffolk County, New York for arraignment, the arraignment judge ordered medical treatment, and plaintiff was treated at the Peconic Bay Medical Center for four days. (*Id.*) Plaintiff alleged that he "suffered extensive memory loss and damage to cognitive function," but he did not identify the nature or cause of his injuries or a causal connection between Marino's actions and the alleged harm. (*Id.*)

The court's April 2018 Order dismissed plaintiff's claims for lack of subject matter jurisdiction because he failed to allege that he exhausted his administrative remedies as required under the Federal Tort Claims Act and failed to show

2

that he suffered an injury in fact that is fairly traceable to the defendants' conduct. (April Order at 13.) The Order also noted that any civil rights claims against SA Marino appeared to be untimely, and directed plaintiff to file an amended complaint in order to address these deficiencies. (*Id.* at 14.)

Plaintiff's letter of May 3, 2018 abandons any potential claim under the Federal Tort Claims Act and identifies SA Marino as the "sole defendant." (Pl. Letter at 1.) Plaintiff again alleges that, at the time of his arrest, he told SA Marino that he "may die." (*Id.* at 2.) Plaintiff further claims that SA Marino "refus[ed] the plaintiff's request for medical attention while apprehending [him]" (*id.* at 1), and instead gave plaintiff a non-prescribed medication, "valium." (*Id.* at 2.) According to plaintiff's letter, SA Marino subsequently transported plaintiff to a Suffolk County facility "for interrogation" and then the Riverhead Courthouse for arraignment. (*Id.*)

Plaintiff alleges that the arraignment judge directed that plaintiff be given medical attention and that plaintiff was thereupon transported to Peconic Bay Medical Center. (*Id.*) Plaintiff does not indicate how much time elapsed between his arrest and the provision of medical treatment, nor describe his medical condition during that period (*see id.* at 1-3), although he does state that following his admission at Peconic Bay

3

Medical Center, he was "treated for four days for GHB withdraw[a]l syndrome." (*Id.* at 2.) Plaintiff further alleges that SA Marino's actions "may have resulted in extensive memory loss and cognitive function, however this suit has been brought forth against [SA] Marino for a gross violation of the plaintiff's civil rights." (*Id.* at 3.) Plaintiff does not explain how SA Marino's actions "may" have caused his injuries, nor does he expressly identify how his civil rights were violated, although his allegations relating to delay in providing him medical treatment appear to form the crux of his civil rights complaint.

Plaintiff's letter of May 3, 2018 also offers "explanation for untimely filing." (*Id.* at 3-5.) Plaintiff states that he was unable to file his complaint within the limitations period because of his incarceration and difficulty in finding legal counsel, including the refusal of any of the multiple defense attorneys in his criminal case to speak with him about a potential civil action. (*Id.* at 4.) Plaintiff also states that he was hesitant to commence a civil lawsuit against SA Marino while his criminal case was pending because SA Marino was a witness in the criminal proceedings, and "plaintiff believed that to file a civil action, related to the active criminal proce[e]dings, would create a conflict of interest." (*Id.* at 4-5.)

Finally, plaintiff requests that if his action is dismissed as untimely, he be refunded the filing fee to commence this action.[1] He asserts that when he first contacted the court to request forms for filing a civil action, he "requested the forms under the condition that incarceration is a valid reason for filing beyond the three year statute of limitations." (*Id.* at 5.) Plaintiff further represents that he "relied on the Clerk of Court's understanding of the Rules of Federal Civil Procedure to be beyond the plaintiff's layman understanding." (*Id.*)

### DISCUSSION

The court has carefully reviewed plaintiff's letter of May 3, 2018 and finds that it fails to overcome the fatal deficiencies in his original complaint. Plaintiff seeks to hold SA Marino liable for his alleged injuries pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, the action was filed untimely, as it was filed outside of the three-year statute of limitations period for *Bivens* actions. (*See* April Order at 10-11.) Plaintiff asserts incarceration and lack of legal counsel as grounds for

---

[1] Plaintiff requested to proceed *in forma pauperis*. Pursuant to the Prisoner Litigation Reform Act and the Authorization Form plaintiff signed and filed when he commenced this action (ECF No. 2 at 3), he has been making payments toward the filing fee from his prisoner trust account (*see* Filing Fee Receipts, ECF Nos. 5-8), and payments will continue, as funds become available, until the full $350 filing fee has been paid. *See* 28 U.S.C. § 1915(b).

5

tolling, but these impediments do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." (citing *Amante v. Walker*, 268 F. Supp. 2d 154, 158 (E.D.N.Y. 2003) and *Anderson v. O'Gara*, No. 01-CV-5712(WHP)(GWG), 2002 WL 1633917, at *4 (S.D.N.Y. July 23, 2002)); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) ("Petitioner's further assertions – that he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, had limited access to legal assistance that was available to prisoners, and was allowed limited use of the prison law library – also are not extraordinary circumstances that warrant equitable tolling for the extended period of delay in this case." (collecting cases)).

In explaining his failure to bring this action within the limitations period, plaintiff also refers to his belief that filing a civil suit against a witness in his criminal case would have resulted in a "conflict of interest." (Pl. Letter at 4-5.) Plaintiff does not explain whose interest would have been conflicted, or identify the nature of the purported conflict,

6

but, in any case, his hesitation to conduct simultaneous civil and criminal cases is not grounds for tolling the statute of limitations. *See Coleman v. City of New York*, No. 08-CV-5276(JG)(LB), 2009 WL 3381541, at *3 (E.D.N.Y. Oct. 20, 2009) (observing in action under 42 U.S.C. § 1983 that New York law does not provide for statutory tolling during periods of incarceration or "when a criminal prosecution is pending against the plaintiff," and the existence of parallel criminal proceedings does not mitigate the obligation to file a civil rights action timely (quoting *Singleton v. New York,* 632 F.2d 185, 191 (2d Cir. 1980)); *see also Polanco v. U.S. DEA*, 158 F.3d 647, 653 (2d Cir. 1998) (noting that same statute of limitation applies to *Bivens* and 42 U.S.C. § 1983 claims).[2] In any event, plaintiff could have timely filed his action and sought a stay pending disposition of his criminal case.

Because plaintiff has not established any basis to toll the statute of limitations applicable to this action, the action is time-barred and is dismissed on that basis.

Additionally, even if plaintiff's claims were found to be timely, he still has not asserted standing to bring a *Bivens*

---

[2] . Additionally, to the extent plaintiff's decision to delay commencement of this action was a strategic decision to avoid litigating against a witness in his criminal case, the court notes that "[a] strategic decision to avoid litigation cannot, . . . in and of itself, warrant a tolling of the limitations period. To the contrary, limitations periods are designed to protect parties from suits commenced late for strategic purposes." *Long v. Card*, 882 F. Supp. 1285, 1288 (E.D.N.Y. 1995).

7

claim against SA Marino. To establish standing, a plaintiff must show that he suffered an injury in fact that is "fairly traceable to the challenged action of the defendant," and which can be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) (citations omitted). Here, plaintiff asserts that at an unspecified point after his arrest, he was eventually treated for "GBH withdrawal syndrome" and that Marino's actions "may have" contributed to plaintiff's loss of memory and cognitive function. (Pl. Letter at 2-3.)

As explained in the court's April Order, however, without further factual allegations as to the nature of plaintiff's medical condition, the extent of his medical needs, and the length of the delay in the defendant providing medical attention, the court cannot conclude that plaintiff has sufficiently alleged that his injuries are "fairly traceable" to SA Marino's conduct. (*See* April Order at 7-10.) For these reasons, the amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b).

Additionally, plaintiff's request for a refund of the filing fee is denied. The Prisoner Litigation Reform Act Authorization Form informs prisoners that the entire filing fee will be collected "no matter what the outcome of the action." (*See* Authorization Form, ECF No. 2, at 3.) The Authorization Form also contains a representation that plaintiff understands

that the "ENTIRE COURT FILING FEE OF $350 WILL BE PAID . . . EVEN IF MY CASE IS DISMISSED." (*Id.* (capitalization and underlining in quoted material).)

Further, plaintiff's letter requesting forms from the Clerk of Court is not part of the record before the court. Moreover, to the extent that plaintiff requested for forms "under the condition that incarceration is a valid reason for filing beyond the three-year statute of limitations" (Pl. Letter at 5), he should be aware that court employees, including court clerks, are unable to provide him with legal advice. Plaintiff cannot claim that he properly relied on advice of Clerk's Office personnel regarding the rules of civil procedure. The diligent and conscientious men and women employed in the Clerk's Office provide many services for litigants, including providing forms when requested. They cannot advise litigants (or persons contemplating initiating litigation) on legal issues, including the Federal Rules of Civil Procedure or the applicability and/or proper calculation of limitations periods. The fact that the Clerk's Office personnel did not provide legal advice is not a valid basis to toll the statute of limitations.

## CONCLUSION

For the above-stated reasons, plaintiff's amended complaint is dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). His request for a refund of the

9

filing fee is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment dismissing this action, to serve a copy of this Memorandum and Order, the judgment, and an appeals packet on plaintiff at his address of record, and to close this case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         August 14, 2018

                                                        /s/
                                       KIYO A. MATSUMOTO
United States District Judge